UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

**PB&J SOFTWARE, LLC**,

          Plaintiff,

v.

**CODE 42 SOFTWARE, INC.; CUCKU, INC.; Q POINT TECHNOLOGY, INC.; UNIVERSE POINT, L.L.C.; and LOGMEIN, INC.**,

          Defendants.

_____

Civil Action No. 09-CV-00206 JMR/JSM

**JOINT STIPULATED MOTION FOR A FIRST AMENDED PRETRIAL SCHEDULING ORDER**

By their respective undersigned counsel, the parties hereby stipulate and respectfully move, jointly, pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16.3, for an order from the Court granting a modification of certain deadlines previously set forth in the Pretrial Scheduling Order dated August 26, 2009 [Docket No. 43].

The undersigned counsel respectfully submit that good cause exists for the relief from the existing deadlines and the extension of time sought herein. The extensions sought affect only the timing of the initial claim construction disclosures, but do not affect all due dates relating to claim construction—including the due date for filing a joint claim construction statement. Nor will the requested extensions affect the trial-ready date. Fact discovery has begun and will be completed by the scheduled completion date of December 1, 2010. To the extent the Court wishes to hold a hearing or telephonic conference on this request, the parties will be available upon reasonable notice.

6472754v1

Based on their stipulation, the parties propose that the existing Pretrial Scheduling Order be amended to incorporate the following dates—the modified dates being underlined and italicized:

Claim Construction ("Markman") Issues

1. The plaintiff shall serve a claim chart upon the defendants on or before **September 14, 2009**. This claim chart shall indicate:

    a. The claims of its patent that are infringed.
    b. The defendants' products or methods that literally infringe those claims or that infringe those claims under the doctrine of equivalents.
    c. For every claim of infringement, the elements of the defendants' products or methods that constitute the infringement, including where those elements are found.
    d. In addition, for claims under the doctrine of equivalents, an explanation how elements of the defendants' products or methods have an equivalent function, way, or result, and why any purported differences are not substantial.

2. The defendant shall serve a claim chart upon the plaintiff on or before **October 26, 2009**. This claim chart shall indicate:

    a. The elements, disclosed in plaintiff's claim chart, that are present or absent in the accused device. If an element is absent, the defendants shall include the basis for this contention.
    b. For claims under the doctrine of equivalents, an explanation how the elements of the defendant's products do not have an equivalent function, way, or result, and why these differences are substantial.
    c. Any basis for asserting that the claims advanced by plaintiff are invalid.

3. The parties shall simultaneously exchange lists of contested claim terms, that each party contends will require decision by the court, on or before *<u>January 4, 2010</u>*.

    a. Each party shall also submit a statement that preliminarily discloses all extrinsic evidence that the party will submit in support of its interpretation of contested claim terms, including without limitation dictionary definitions; citations to treatises and prior art; and testimony from fact or expert witnesses. If a party has yet to disclose any of this evidence in discovery, then that evidence shall be attached to the memorandum. If a party is relying on testimony from fact or expert witnesses, then that party

6472754v1

2

        shall provide a brief description of the substance of the anticipated testimony. For expert witnesses, the proponent shall also summarize the opinions the witness will testify to, in sufficient detail to permit a meaningful deposition of the witness on those matters.

   b.    If a party intends to rely on an expert witness to respond to expert testimony disclosed by the opposing party with respect to extrinsic evidence pursuant to subparagraph (a) above, whether or not this expert has been previously disclosed pursuant to subparagraph (a) above, on or before ***January 25, 2010***, the identity of this responding expert shall be disclosed and the party shall also summarize the opinions the witness will testify to, in sufficient detail to permit a meaningful deposition of the witness on those matters.

   c.    On or before ***February 15, 2010***, any depositions of expert witnesses bearing on claims construction shall be completed.

   d.    The parties shall meet and confer on or before ***February 15, 2010***, for the purpose of narrowing the contested issues and preparing a joint claim construction statement.

4.    On or before ***March 1, 2010***, the parties shall file a joint claim construction statement and shall contact the Court to schedule the Markman hearing. The joint construction statement shall indicate:

   a.    The construction of all claim terms, phrases, or clauses on which the parties agree.

   b.    Each party's proposed construction of all claim terms, phrases, or clauses on which the parties disagree. Each party shall cite the evidence on which it intends to rely, including records from the prosecution of the patent, in support of its construction of claim terms.

   c.    An estimate of the time required for the Markman hearing.

   d.    Whether any party intends to call witnesses at the Markman hearing, and if so, the identity of the witnesses. In addition, for expert witnesses, the proponent shall also summarize the opinions the witness will testify to at the hearing.

In all other respects, the parties stipulate and request that the terms of the Pretrial Scheduling Order [Docket No. 43] shall remain in effect.

| | |
|---|---|
| **THE SIMON LAW FIRM, PC**<br>s/ Timothy E. Grochocinski<br>Timothy E. Grochocinski<br>Anthony G. Simon<br>701 Market Street, Suite 1450<br>Saint Louis, Missouri 63101<br>P. 314.241.2929<br>F. 314.241.2029 | **LEONARD, STREET AND DEINARD**<br>  **Professional Association**<br>s/ Kevin D. Conneely<br>Kevin D. Conneely (#192703)<br>Erik M. Drange (#0344138)<br>150 South Fifth Street, Suite 2300<br>Minneapolis, Minnesota 55402<br>P. 612.335.1500<br>F. 612.335.1657 |
| **SCHWEBEL, GOETZ & SIEBEN**<br>James Schwebel (#98267)<br>James S. Ballentine (#209739)<br>5120 IDS Center<br>Minneapolis, Minnesota 55402<br>P. 612.344.0424<br>F. 612.333.6311 | *ATTORNEYS FOR DEFENDANTS CODE 42 SOFTWARE, INC., CUCKU, INC., and Q POINT TECHNOLOGY, INC.* |

*ATTORNEYS FOR PLAINTIFF*

**GREENE ESPEL, PLLP**

Jeanette M. Bazis (#255646)
200 South Sixth Street, Suite 1200
Minneapolis, Minnesota 55402
P. 612.373.8358
F. 612.373.0929

**WILMER HALE**
s/ Joel Cavanaugh
Wayne L. Stoner
Joel Cavanaugh
Sydenham B. Alexander, III
60 State Street
Boston, Massachusetts 02109
P. 617.526.6000
F. 617.526.5000

*ATTORNEYS FOR DEFENDANT LOGMEIN, INC.*